**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DEBRA CURRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1764-RWS |
| MEREDITH ENTERPRISES | : | |
| INC., CBS ATLANTA NEWS, | : | |
| BERNARD WATSON, and | : | |
| FRANK OLSON, | : | |
| | : | |
| Defendants. | : | |

## ORDER

On August 29, 2012, Magistrate Judge Gerrilyn G. Brill entered an Order

[5] permitting Plaintiff to proceed in forma pauperis in this action.  The case

was then referred to the undersigned for a frivolity determination.  Having

carefully considered the record, the Court enters the following order.

## Background

Plaintiff's Amended Complaint was filed on August 29, 2012 [7].  The

Amended Complaint sets forth three causes of action: (1) an appropriation of

likeness claim, (2) slander, and (3) unjust enrichment.  Plaintiff asserts these

claims against Defendants Meredith Enterprises, CBS Atlanta News, Bernard

Watson, and Frank Olson.

## Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

The Court finds that Plaintiff's Amended Complaint [2] cannot survive a frivolity determination because this Court does not have jurisdiction over this matter.  There are two primary types of subject matter jurisdiction given to federal district courts.  First, federal district courts have federal question jurisdiction pursuant to 28 U.S.C. § 1331, which means that this Court has jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Second, federal district courts have diversity jurisdiction pursuant to 28 U.S.C. § 1332, which means that this Court has jurisdiction over

AO 72A
(Rev.8/82)

cases which satisfy two conditions: (1) no defendant is a citizen of the same state as any plaintiff, and (2) the amount in controversy exceeds $75,000.

In this case, this Court does not have federal question jurisdiction because Plaintiff's claims are brought under state law. This Court also does not have diversity jurisdiction because as conceded by Plaintiff, some if not all of Defendants are citizens of the state of Georgia [7, at page 4]. As such, the first condition for diversity jurisdiction is not satisfied.

### Conclusion

For the reasons stated above, the Court finds that it does not have subject matter jurisdiction over this action. As a result, this case is **DISMISSED**, and the clerk is **DIRECTED** to close this action.

**SO ORDERED**, this  22nd  day of August, 2013.


**RICHARD W. STORY**
United States District Judge

3